In the Matter of the Application of FLORENCE SOLOW, as Administratrix, etc., of MORRIS SOLOW, Deceased, Petitioner, for an Order of Mandamus against WILLIAM F. CAREY, as Treasurer and Trustee of the Relief and Pension Funds of the Department of Street Cleaning, Respondent.

Supreme Court, Special Term, New York County, March 11, 1937.

*Samuel Resnicoff*, for the petitioner.

*Paul Windels, Corporation Counsel* [*Cyrus C. Perry* of counsel], for the respondent.

McLAUGHLIN (CHARLES B.), J. The petitioner, the widow of Morris Solow, deceased, seeks to recover the pension moneys

deducted from the latter's wages while he was an employee in the department of sanitation. These deductions were made pursuant to subdivision 1 of section 549 of the Greater New York Charter. An examination of the laws applicable to this pension fund shows conclusively that where a person is separated from the service, as was the deceased, there may be no refund. Certain deductions must be made in order to pay pensions. It would appear that the compulsory deductions from the deceased's salary were made in order to insure pensions to those who were entitled to them under the provisions of the acts creating and continuing this fund. It is clear that the deceased was never the owner of the money that was so deducted from his salary. (*Pennie* v. *Reis*, 132 U. S. 464.) The contract made by the deceased does not give him or his representatives any right to obtain the return of his contribution. The conditions in his contract have not been fulfilled, and it is immaterial that the possible fulfillment was prevented by his death prior to the time that he might have fulfilled them. Motion is denied.